UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., et al.,<br><br>        Defendants. | 23-CV-6889 (DEH)<br><br>**OPINION & ORDER REMANDING TO STATE COURT** |

DALE E. HO, United States District Judge:

On May 1, 2023, Plaintiff Eric Thomas filed a Complaint against Defendants J.B. Transport, Inc., and Sean M. Hairston in the Supreme Court of the State of New York, County of Bronx, alleging claims relating to a motor vehicle accident. *See* Compl, ECF No. 1-1. On August 4, 2023, Defendants timely removed the action to this Court. In their Notice of Removal ("Notice"), Defendants allege "complete diversity of citizenship" between the parties and extrapolate from Plaintiff's pleadings that the amount-in-controversy requirement has been met. *See* Notice ¶¶ 11-16, ECF No. 1.

For the reasons set forth below, the Court finds that Defendants fail to meet their burden of establishing diversity jurisdiction in this case. The Court is, therefore, without subject matter jurisdiction and the action must be remanded to state court.

## BACKGROUND

Plaintiff alleges that on October 26, 2022, "the motor vehicle owned by Defendant J.B. Transport, Inc. and operated by Defendant Sean M. Hairston came into contact with the [] vehicle operated by Plaintiff Eric Thomas." Compl. ¶ 22. Plaintiff contends that Defendants' "negligent, careless and reckless . . . ownership, operation, management, maintenance,

supervision, use and control of" their vehicle resulted in Plaintiff's "severe and permanent personal injuries" and other damages. Compl. ¶¶ 25-26.

Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice ¶ 16. On October 15, 2023, Plaintiff filed a Motion to Remand ("Motion") the action to state court. *See generally* Motion, ECF No. 11.

## LEGAL STANDARDS

A federal district court may only entertain a lawsuit when it has both the "statutory [and] constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[1] "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997). Here, Defendants removed the action and "'bear[] the burden of demonstrating the propriety of removal.'" *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994)). In invoking the Court's diversity jurisdiction, Defendants must establish by a "preponderance of evidence," *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019), that "the matter in controversy [1] exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between . . . citizens of different States." 28 U.S.C. § 1332(a).

---

[1] Unless otherwise noted, when quoting judicial decisions, this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

**DISCUSSION**

The record establishes—and no party contests—that diversity of citizenship is met in this case.[2] Solely at issue is whether the amount-in-controversy prong of diversity jurisdiction has been satisfied. The Court concludes that it has not.

Where, as here, the complaint does not state the amount at issue, the movants' notice of removal must include "a plausible allegation" that the amount in controversy exceeds the jurisdictional threshold, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), with any doubts resolved "against removability." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021). If the "notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 2774 (2d Cir. 1994); *see also United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square*, 30 F.3d 298, 305 (2d Cir. 1994) (the movant must satisfy the amount-in-controversy requirement to a "reasonable probability").

In their attempt to prove that "the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs," Notice ¶ 6, Defendants highlight Plaintiff's allegations of (1) "severe and permanent personal injuries;" (2) economic losses "greater than the economic loss defined by Section 5104 of the Insurance Law of the State of New York" and "serious injury" as defined by Section 5102(d) of the Insurance Law of the State of New York, Notice ¶¶ 12-16; and (3) Plaintiff's request for "written notification of the policy limits" carried by J.B. Transport,

---

[2] In their Notice of Removal, Defendants state that Plaintiff is a resident and citizen of the State of New York; that Defendant Hairston is a resident and citizen of the State of Pennsylvania; and that Defendant J.B. Hunt Transport, Inc., is incorporated with a principal place of business in Arkansas. *See* Notice ¶¶ 9-11.

Inc., as well as information on the corporation's "excess or umbrella insurance," Defs.' Opp. to Remand 3, ECF No. 15.

Defendants' Notice of Removal falls short of establishing a reasonable probability that the claim at issue is in excess of $75,000, exclusive of interest and costs. First, the law is clear that Plaintiff's generalized and conclusory allegations of "severe and permanent personal injuries," Notice ¶ 12 (citing Compl. ¶¶ 26-28), do not permit the Court to draw a reasonable inference that the amount in controversy requirement is met. *See, e.g.*, *Justino v. Wal-Mart Stores, Inc.*, No. 21-CV-02130 (PMH), 2021 WL 961764, at *2 (S.D.N.Y. Mar. 15, 2021) (remanding case where "the only allegations about the amount in controversy are Plaintiff's generalized allegations of damages and Defendants' insistence that such damages *must* exceed $75,000"); *Burtis v. Samin*, No. 18-CV-2789 (DLI), 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018) (no reasonable inference regarding amount in controversy could be drawn from allegations that plaintiff "suffered serious and severe injuries to his neck, left shoulder, right forearm, mid back, lower back, and right knee"); *Camden v. CVS Albany LLC*, No. 22-CV-46 (PKC), 2022 WL 138056, at *2 (E.D.N.Y. Jan. 14, 2022) (amount in controversy requirement not met where complaint asserted generalized allegations that plaintiff "suffered certain and severe injuries, [and] incurred and continues to incur expenses for medical care").

Second, Defendants' reliance on Sections 5102(d) and 5104 of the Insurance Law of the State of New York, *see* Notice ¶¶ 14-15, similarly fails, as neither statute defines a "serious injury" or "basic economic loss" as exceeding $75,000 in damages. *See generally* N.Y. Ins. Law §§ 5102, 5104.

Defendants' third argument fares no better. Defendants assert that because Plaintiff had requested "written notification of the policy limits" carried by J.B. Transport, Inc., as well as

4

information on the corporation's "excess or umbrella insurance," Plaintiff "[c]learly" sought "to demand an amount well in excess of the jurisdictional limits of" the Court.  Defs.' Opp. 3. Defendants' supposition in no way particularizes the extent of Plaintiff's injuries or damages, and the sole monetary amount that Defendants cite in their briefing—Plaintiff's property damage assessment of $10,520.92, *id.*—falls well below the Court's jurisdictional limits.  Thus, Defendants' supplemental allegations bring them no closer to "plausibly alleg[ing], with *sufficient factual content*, that the amount in controversy has been adequately established." *Minaudo v. Sunrise at Sheepshead Bay*, No. 22-CV-2579 (EK), 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (emphasis added).

Importantly, Defendants were not without a readily available recourse to determine the amount at issue in this action.  "New York state law provides a mechanism for establishing exactly that." *Id.* at *2.  Specifically, Defendants were free at any time to "request a supplemental demand setting forth the total damages to which [Plaintiff] deems himself entitled." N.Y. C.P.L.R. § 3017(c).  "Rather than prematurely removing the action to [the District Court], Defendant[s] should have availed [themselves] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, [would have] order[ed] Plaintiff to respond to a demand for total damages." *Herrera v. Terner,* No. 12-CV-4610 (DLI), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016).  In declining to file a demand at any point prior to removal, Defendants proceeded at their own peril.  It is not for this Court to remedy Defendants' error.

Because Defendants allege no facts giving rise to a reasonable inference that the amount in controversy exceeds $75,000, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and removal was improper.

## CONCLUSION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Defendants fail to meet their burden of proving by a preponderance of evidence that the jurisdictional amount in controversy required for diversity jurisdiction is satisfied. The Court is left with no choice but to remand for lack of federal subject matter jurisdiction.

The Clerk of the Court respectfully is requested to remand this case to New York Supreme Court, Bronx County, for further proceedings.

SO ORDERED.

Dated: November 28, 2023
New York, New York

                                                  DALE E. HO
                                        United States District Judge